**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

THOMAS F. CARLUCCI, CA BAR NO. 135767
ANDREA J. GORANSON, CA BAR NO. 215665

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202-5306
TELEPHONE: 414.207-5537
FACSIMILE: 414.297-4900

PAUL BARGREN, WI BAR NO. 1023008, APPEARING PRO HAC VICE

ATTORNEYS FOR PLAINTIFF,
SAN FRANCISCO BASEBALL ASSOCIATES, L.P.
(A/K/A THE SAN FRANCISCO GIANTS), A CALIFORNIA
LIMITED PARTNERSHIP

**KEVIN V. RYAN, CA BAR NO. 118321**
UNITED STATES ATTORNEY
JAY R. WEILL, CA BAR NO. 75434
ASSISTANT UNITED STATES ATTORNEY
CHIEF, TAX DIVISION
10TH FLOOR FEDERAL BUILDING
450 GOLDEN GATE AVENUE, BOX 36055
SAN FRANCISCO, CALIFORNIA 94102
TELEPHONE: 415.436.7017

ATTORNEY FOR DEFENDANT, UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BASEBALL ASSOCIATES L.P. (A/K/A THE SAN FRANCISCO GIANTS), A CALIFORNIA LIMITED PARTNERSHIP<br><br>PLAINTIFFS,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>DEFENDANT. | CASE NO. C 02-3958 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT, RULE 26(F) REPORT, AND PROPOSED ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>DATE: MAY 27, 2005<br>TIME: 1:30 P.M.<br>PLACE: COURTROOM 2 (17TH FLOOR)<br>JUDGE: JEFFREY S. WHITE |

///

JOINT CASE MANAGEMENT STATEMENT, RULE 26(F) REPORT, AND PROPOSED ORDER
CASE NO. C 02-3958 JSW

016.360779.1

Plaintiffs SAN FRANCISCO BASEBALL ASSOCIATES L.P. (a/k/a/ THE SAN FRANCISCO GIANTS), a California Limited Partnership (hereinafter "Plaintiffs") and Defendant UNITED STATES OF AMERICA (hereinafter "Defendant" and or "Government") respectfully submit this Case Management Statement, Rule 26(f) Report[1], and Proposed Order and request that the Court adopt it as its Case Management Order in this case.

**1. The basis for this Court's subject-matter jurisdiction and whether any issue exists regarding personal jurisdiction or venue:**

This Court has jurisdiction because this action involves a federal question arising under the laws of the United States pursuant to 28 U.S.C. § 1331 and because this action arises under the internal revenue laws of the United States pursuant to 28 U.S.C. §§ 1340 and 1346(a). There is no issue with respect to this Court's personal jurisdiction over the Defendant nor the venue of this action in this Court.

**2. A brief description of the case and defenses and description of any related proceeding, including any administrative proceedings:**

This is a suit for refund of payroll taxes paid on certain awards received by former Major League Baseball players from a settlement fund created in 1990. Substantially similar legal issues were raised in suits for refund brought by other Major League Baseball Clubs before this Court and in several other venues. With respect to this Court, this case is related to <u>Athletics Investment Group LLC, (a/k/a the Oakland Athletics), Trust U/W Walter A. Haas, Jr., Evelyn D. Haas, Walter J. Haas, and Elisabeth Haas Eisenhardt</u>, Case No. C-02-3957-JSW, which involves substantially the same questions of fact and law. In all, 17 different Major League Baseball Clubs are or were involved in lawsuits in 16 courts on essentially identical issues.

As noted in the previous status report, the Clubs and the Government reached a global Settlement Agreement as of February 9, 2005. To effect the terms of the Settlement Agreement, material regarding the claims at issue in each of the pending lawsuits was assembled for final review and approval by the Clubs and the Government. As of May 19, 2005, that

---

[1] For purposes of efficiency, the parties have consolidated their Case Management Statement and Rule 26(f) Report.

1 process has been completed.  All that remains is for the Internal Revenue Service to make credits or pay refunds, which the parties expect to take place within 30 to 60 days.  At that point, according to the terms of the Settlement Agreement, the Clubs will file the appropriate documentation necessary to dismiss their respective cases.

In light of the above, the parties respectfully request a continuance of the case management conference for 90 days to allow sufficient time for the credits or refund checks to be issued as described in the Settlement Agreement, which will be followed by a request for dismissal with prejudice.

**3.  A brief summary of the proceedings to date, including whether there has been full and timely compliance with the initial disclosure requirements of Federal Rule of Civil Procedure 26:**

This case was filed on August 15, 2002 contemporaneously with <u>Athletics Investment Group LLC, (a/k/a the Oakland Athletics), Trust U/W Walter A. Haas, Jr., Evelyn D. Haas, Walter J. Haas, and Elisabeth Haas Eisenhardt</u>, Case No. C-02-3958-JSW.  Notices of Related Case were filed on August 19, 2002 and both cases were subsequently assigned to the Honorable William H. Alsup.  The parties also filed in both cases joint motions to stay the cases pending settlement.  These motions were denied by this Court on November 25, 2002.

Pursuant to Federal Rule of Civil Procedure 26(f), the parties participated in a meet and confer on January 8, 2003, again on May 16, 2003, and again on September 24, 2003.

Given the resolution of claims through the Settlement Agreement, the parties agree that discovery is not necessary in this case.  Therefore, the parties stipulate that initial disclosures under Federal Rule of Civil Procedure 26(a)(1) are not required.  The parties have agreed upon a proposed schedule for this case as set forth in paragraph 7 below.

**4.  A list of all pending motions and their current status:**

There are no pending motions by either party.

**5.  A description of all motions expected before trial:**

If despite the Settlement Agreement this case is not settled, the parties anticipate that this case can be resolved on summary judgment.

///

**6.    The extent to which evidentiary, claim-construction hearings, or class certification hearings are anticipated:**

At this time, the parties do not anticipate that any evidentiary hearings will be required. Claim-construction or class certification hearings will not be required.

**7.    The scope of discovery to date and, separately, the scope yet anticipated; what limits should be imposed on discovery; and what should be the proposed discovery plan:**

The parties agree that discovery is not necessary in this case. The parties request 90 days to allow completion of the refund claim process identified in the Settlement Agreement, to be followed by a request for dismissal with prejudice. If after 90 days the notice of refund or notice of credit has not been issued, the parties will meet and confer and provide the Court with a suggested approach.

**8.    The extent to which any special discovery or other problems or issues have arisen or are expected:**

At this time, the parties do not anticipate any special discovery concerns or problems.

**9.    Proposed deadlines and court dates, including a trial date:**

The parties' proposed schedule for this case is set forth in paragraph 7 above.

**10.   The expected length of trial, the approximate number of witnesses, experts, exhibits, and whether a jury was properly demanded:**

The parties' proposed schedule for this case is set forth in paragraph 7.

**11.   What damages and other relief are sought and what method is used to compute damages:**

Under the First Claim for Relief, Plaintiffs seek monetary damages in the amount of $14.40, plus interest as provided by law. Under the Second Claim for Relief, Plaintiffs seek $185,983.58, plus interest as provided by law. Plaintiff also seeks costs, disbursements, legal fees in this matter, and such other relief as this Court deems just and equitable.

**12.   ADR efforts to date and a specific ADR plan for the case:**

As set forth above, the extensive negotiations by the parties' representatives have

resulted in the Settlement Agreement.

**13.  Whether all parties will consent to assignment of the case to a magistrate judge and, if so, whether additional parties are likely to be joined:**

The parties do not consent to the assignment of this case to a magistrate judge at this time.

**14.  A service list for all counsel that includes telephone and fax numbers:**

(a)  *For Plaintiffs*:

Thomas F. Carlucci, Esq., SBN 135767
Andrea J. Goranson, Esq., SBN 215665
Foley & Lardner LLP
One Maritime Plaza, Sixth Floor
San Francisco, California 94111-3409
Tel: 415.434.4484
Fax: 415.434.4507

Paul Bargren Esq., WI Bar No. 1023008
Foley & Lardner LLP
777 East Wisconsin Avenue,
Milwaukee, Wisconsin 53202-5306
Tel: 414.297.5537
Fax: 414.297.4900

(b)  *For Defendant*:

Kevin V. Ryan, SBN 118321
United States Attorney
Jay R. Weill, SBN 75434
Assistant United States Attorney
Chief, Tax Division
10th Floor Federal Building
Golden Gate Avenue, Box 36055
San Francisco, California 94102
Tel: 415.436.7017
Fax: 415.436.6748

///
///
///
///
///
///
///

15. **To the extent not addressed above, all other items set forth in Local Rule 16-10:**

The parties' proposed schedule for this case is set forth in paragraph 7.

DATE: MAY 27, 2005            FOLEY & LARDNER LLP
                              THOMAS F. CARLUCCI
                              PAUL BARGREN
                              ANDREA J. GORANSON


                              BY:    /s/ ANDREA GORANSON
                                 ANDREA GORANSON
                                 ATTORNEYS FOR PLAINTIFF SAN FRANCISCO
                                 BASEBALL ASSOCIATES L.P. (A/K/A THE SAN
                                 FRANCISCO GIANTS), A CALIFORNIA
                                 LIMITED PARTNERSHIP

DATE: MAY 27, 2005            KEVIN V. RYAN
                              OFFICE OF THE U.S. ATTORNEY



                              BY:    /s/ JAY WEILL
                                 JAY WEILL
                                 ATTORNEY FOR DEFENDANT, UNITED
                                 STATES OF AMERICA

**Case Management Order**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the matter is continued (for 90 days) to <u>September 23, 2005 at 1:30 p.m.</u> to allow the parties sufficient time to implement the terms of the Settlement Agreement.

| | |
|---|---|
| <u>     May 24, 2005          </u> | <u>     /s/ Jeffrey S. White          </u> |
| Date | The Honorable Jeffrey S. White |
| | United States District Judge |